IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIGIEFREDO ("SIG") SANCHEZ,

        Plaintiff,

vs.                                                      CIV13-0656 MCA/KBM

HON. STEPHEN CHU, SECRETARY OF THE
UNITED STATES DEPARTMENT OF ENERGY
AND THE UNITED STATES DEPARTMENT OF ENERGY,

        Defendants.

# ORDER DENYING DEFENDANT'S
# MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on Defendant's Motion to Stay Discovery Pending Resolution of Affirmative Defenses (*Doc. 21*) ("Motion") which was fully briefed on December 6, 2013. In the Motion, Defendant requests that all discovery be stayed pending the resolution of Defendant's Motion for Judgment on the Pleadings and Memorandum of Points and Authorities in Support Thereof (*Doc. 27*). The Court having read the submissions of the parties, the relevant law, and otherwise being fully advised finds that the Motion is not well taken and will be denied.

A court may impose a stay of discovery under the authority provided by Federal Rule of Civil Procedure 26(c)(1), which states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1). The imposition of a stay of discovery is, except in limited circumstances not applicable here, a

discretionary action. *Thompson v. Children's Hosp.*, No. 11-cv-00049-WYD-KMT, 2011 WL 2066517, at *1 (D. Colo. May 25, 2011) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The court may also stay discovery as part of its inherent power to control its own docket. See *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

In exercising its discretion to stay proceedings, the Court considers five factors: "(1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery." See *Varnell v. Dora Consolidated School District, CIV* 12-0905 JCH/GBW, at *3 (D.N.M. January 11, 2013) (*quoting Edwards v. Zenimax Media, Inc.*, CIV 12–0411 WYD/KLM, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012)).

As a general policy discovery is not to be stayed even though dispositive motions are pending. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). However, it is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome. *Id.*

A motion for judgment on the pleadings pursuant to rule 12(c) is generally treated in the same manner as a motion to dismiss under rule 12(b)(6).  *Mata v. Anderson*, 760 F. Supp. 2d 1068, 1083 (D.N.M. 2009) (citations omitted).  A motion for a judgment on the pleadings will be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law.  *Id*.  A court considering a motion for judgment on the pleadings should accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

It appears that Defendant's motion for judgment on the pleadings is not necessarily dispositive of all issues in this case.  The motion is premised on a decision as to whether Plaintiff's termination was a national security decision under *Department of Navy v. Egan*, 484 U.S. 518 (1988), and Defendant argues that a district court has no jurisdiction to review the merits of a decision to revoke or deny a security clearance.  *See Doc. 27*.  Plaintiff, however, does not contest the merits of the decision to withdraw, based on Plaintiff's dyslexia, the HRP certification which was required to maintain the position from which he was removed.  Rather, Plaintiff alleges discrimination by failure to provide reasonable accommodation for a known disability under the Rehabilitation Act.  See *Doc. 1* at 17.  Specifically, Plaintiff alleges that there were other available positions not requiring an HRP certification for which he was qualified, but that he was not offered those positions and that this constitutes unlawful disability discrimination.  Accordingly, Defendant's motion for judgment on the pleadings is not dispositive of all of the issues in this case, and discovery on the merits would be neither wasteful nor burdensome.

3

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Discovery Pending Resolution of Affirmative Defenses (*Doc. 21*) is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE