IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIGIEFREDO ("SIG") SANCHEZ,

    Plaintiff,

vs.                                                                                                          No. CIV-13-00656-KG/LF

THE UNITED STATES DEPARTMENT
OF ENERGY AND DR. HENRY MONIZ,
THE UNITED STATES SECRETARY OF
ENERGY, IN HIS OFFICIAL CAPACITY,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Supplement Plaintiff's Response to Agency's Motion for Judgment on the Pleadings (Motion to Supplement) and his memorandum in support of the Motion to Supplement, filed April 14, 2014. (Docs. 59 and 60). On May 1, 2014, Defendants responded and Plaintiff replied on May 16, 2014. (Docs. 61 and 65). Having considered Plaintiff's Motion to Supplement, the corresponding briefs, and the applicable law the Court hereby denies Plaintiff's Motion to Supplement.

A. *Background*

Plaintiff brings this disability discrimination, retaliation, and due process lawsuit against Defendants for alleged violations pursuant to the Rehabilitation Act of 1973 § 501, as amended, 29 U.S.C. § 791, and the Fifth Amendment of the United States Constitution.[1] In Count I,

---

[1] The Court notes that the Rehabilitation Act prohibits employment discrimination against individuals with disabilities in the federal sector. 29 U.S.C. § 791. Title VII of the Civil Rights Act of 1964, however, prohibits employment discrimination based on race, color, religion, sex, national origin; and further prohibits employers from retaliating against employees based on an employee's opposition to employment discrimination or complaint of discrimination. 42 U.S.C. §§ 2000e-2–2000e-3(a). In his Complaint, Plaintiff brings Count III as a claim under the Rehabilitation Act. *See* (Doc. 1) at 1. The parties, moreover, treat Count III as alleged violations under the Rehabilitation Act. *See* (Docs. 27 and 38). The Court, therefore, construes Count III as alleging retaliation under the Rehabilitation Act.

Plaintiff asserts a Rehabilitation Act claim for failure to provide a reasonable accommodation for his known disability, dyslexia.  In Count II, Plaintiff alleges a Rehabilitation Act claim for disparate treatment.  In Count III, Plaintiff alleges John Vukosovich (Mr. Vukosovich), Plaintiff's former supervisor and a non-party to the suit, retaliated against Plaintiff after he filed an Equal Employment Opportunity Commission complaint.  In Count IV, Plaintiff alleges that his Fifth Amendment due process rights were violated because Mr. Vukosovich was not an impartial decision maker in determining Plaintiff's suspension and subsequent termination.

   B. Discussion

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff moves for leave to supplement his Complaint to distinguish 10 C.F.R. § 710 and 10 C.F.R. § 712, and support Plaintiff's contention that 10 C.F.R. § 712.36(h)(2)[2] contemplates reassignment to a non-Human Reliability Program (HRP) position.  In the Motion to Supplement, Plaintiff argues that the deposition of Anthony C. Traweek, Ph.D. (Dr. Traweek), the United States Department of Energy's (the Agency) lead psychologist, demonstrates that this Court has subject matter jurisdiction over Plaintiff's Rehabilitation Act claims.  Specifically, Dr. Traweek's testimony explains that Plaintiff's HRP certification was revoked due to a safety concern, not a national security concern, and, therefore, Plaintiff's Rehabilitation Act claims are not precluded by *Department of the Navy v. Egan*, 484 U.S. 518 (1988).  Furthermore, Dr. Traweek's testimony evidences that the Agency's regulation, 10 C.F.R. § 712.36(h)(2), mandates that the Agency reassign Plaintiff to a non-HRP position.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or

---

[2]  In the Motion to Supplement, Plaintiff cites 10 C.F.R. 712.36(g)(2), this regulation however does not exist. A review of 10 C.F.R. 712.36 evidences that Plaintiff intended to cite subsection (h)(2).

event that happened after the date of the pleading to be supplemented." Trial courts are given "broad discretion" when deciding whether to permit a party to serve a supplemental pleading. *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001). A party's request for leave to file a supplemental complaint, however, "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Id.*

In the present matter, good reason exists to deny Plaintiff's Motion to Supplement. It is clearly evident from Plaintiff's motion and reply that he requests leave to supplement his response to Defendants' Motion for Judgment on the Pleadings—not the original pleading. *See* (Doc. 60) at 4 (requesting "leave to supplement the record and the briefing"); (Doc. 65) at 7 ("Plaintiff respectfully asks the Court to review the deposition testimony of Dr. Traweek as a supplement to Plaintiff's Response to Motion for Judgment on the Pleadings."). In other words, Plaintiff's request is procedurally improper because the intended function of Rule 15(d) is to supplement the original pleading. The Court, therefore, finds Plaintiff has not provided sufficient justification for supplementing the original pleading under Rule 15(d) and, the Motion to Supplement is denied accordingly.

To the extent that Plaintiff's motion requests leave to supplement his response to Defendants' Motion for Judgment on the Pleadings, Plaintiff's request is denied. "The HRP is a security and safety reliability program designed to ensure that individuals who occupy positions affording access to certain materials, nuclear explosive devices, facilities, and programs meet the highest standards of reliability and physical and mental suitability." 10 C.F.R. § 712.1. The process for obtaining HRP certification is arduous. In conjunction with a "Q" access authorization—the Agency's equivalent of a top secret security clearance—HRP certification requires a psychological evaluation, a counterintelligence evaluation, annual submission of the

3

SF-86 Questionnaire for National Security Positions, and successful completion of an "annual supervisory review, medical assessment, management evaluation, and DOE personnel security review . . . ." *Id.* at § 712.11(a); *id.* at § 25.15(a). A HRP-certified individual may be removed from HRP duties if a supervisor reasonably believes that the "individual is not reliable, based on either a safety or security concern." *Id.* at § 712.19(a).

In this matter, it is undisputed that the Agency revoked Plaintiff's HRP certification, not his "Q" security clearance. (Doc. 38) at 1. It is further uncontested that *Egan* precludes this Court from reviewing the Agency's decision to revoke Plaintiff's HRP certification. *Id.* Plaintiff, nonetheless, contends that *Egan* does not bar judicial review because Dr. Traweek testified that Plaintiff was removed from HRP due to a "safety concern," not for matters of national security.

Plaintiff's argument is unavailing for two reasons. First, Plaintiff cites no authority for his contention. Second, while the Tenth Circuit has not addressed the question presented before this Court, the District Court for the District of Columbia and the Ninth Circuit have held that *Egan* extends to the denial of certifications. *See Foote v. Chu*, 928 F. Supp. 2d 96, 98 (D.D.C. 2013) (denial of HRP certification is nonjusticiable challenge to merits of agency's predictive judgment that plaintiff did not meet standards of reliability and security necessary for employment in position involving nuclear weapons program); *Brazil v. Dep't of Navy*, 66 F.3d 193 (9th Cir. 1995) (revocation of Plaintiff's Nuclear Weapons Personnel Reliability Program certification treated as equivalent to security clearance). "For reasons . . . too obvious to call for enlarged discussion, the protection of" nuclear weapons and dissemination of related information—via HRP certification—must be committed to the sole discretion of the Agency. *Egan*, 484 U.S. at 529. It is not reasonably possible for a fact finder to review the merits of the

Agency's predictive judgment that Plaintiff no longer met the requisite standards of safety necessary for continued HRP certification without substituting that judgment. *See id.* Nor can an outside nonexpert "body determine what constitutes an acceptable margin of error in assessing the potential" safety concerns. *Id.*; *see also Foote*, 928 F. Supp. 2d at 98; *Bennett v. Chertoff*, 425 F.3d 999, 1003 (D.D.C. 2005) (declined to "adjudicate the credibility" of plaintiff's argument because to do so would require trier of fact to consider merits of the agency's explanation). For these reasons, the Court finds that *Egan* extends to and, consequently, bars review of the Agency's decision that Plaintiff's certification was revoked due to a safety concern.

Next, Plaintiff contends that Dr. Traweek's testimony evidences that the Agency's regulations required the Agency to transfer Plaintiff to a non-HRP position. Although this Court may lack the authority to review the merits of the Agency's decision to revoke Plaintiff's HRP certification, it maintains authority to require the Agency to follow its own regulations. *See Hesse v. Dep't of State*, 217 F.3d 1372, 1381 (Fed. Cir. 2000) ("[A]n employee has a right to be transferred to a nonsensitive position only if that right is manifested in statute or regulation."); *Lyles v. Dep't of the Army*, 864 F.2d 1581, 1583 (Fed. Cir. 1989) (*Egan* "does not create any substantive right to consideration for alternative employment" and an individual who does not meet the requirements of a position may be dismissed "unless additional rights are available from some other source."); *Griffin*, 864 F.2d at 1580 (finding the Merit Systems Protection Board "has no authority to inquire into the feasibility of transfer to alternative positions" unless a "substantive right [to be transferred] is available from some other source, such as a statute or regulation"); *Hill v. Dep't of Air Force*, 844 F.2d 1407, 1412 (10th Cir. 1988) ("[C]ourts do have the power to compel agencies to follow their own regulations").

The regulations that Plaintiff relies upon, however, do not manifest a right for Plaintiff to transfer to a non-HRP position.  Plaintiff first discusses 10 C.F.R. § 712.36(g), which references "accommodations for HRP-certified individuals."  As noted earlier, Plaintiff's HRP certification was revoked and, thus, he no longer qualified as a HRP-certified individual.  Next Plaintiff cites 10 C.F.R. § 712.36(h)(2).  At first glance, the regulation appears to indicate that an individual with a disability may be transferred to a non-HRP position.  Be that as it may, when read in its entirety, the regulation delineates a possible transfer to individuals who have received treatment—from a provider other than the Agency's Designated Physician—for a disqualifying condition.  The Agency contends, and the Court agrees, that Dr. Traweek's examination of Plaintiff did not occur as part of an evaluation to determine whether Plaintiff could return to the HRP-certification position *after* receiving treatment from an outside physician for a disqualifying condition.  Indeed, nowhere in Plaintiff's Complaint or in his briefs does Plaintiff assert such a proposition.  Accordingly, the Court finds Plaintiff's contention lacks merit.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Supplement Plaintiff's Response to Agency's Motion for Judgment on the Pleadings (Doc. 59) is DENIED.

_____
UNITED STATES DISTRICT JUDGE