IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIGIEFREDO SANCHEZ,

    Plaintiff,

vs.                                                         Civ. No. 13-656 KG/LF

UNITED STATES DEPARTMENT OF
ENERGY; STEPHEN CHU, United
States Secretary of Energy, in his official
capacity,

    Defendants.

## ORDER ALLOWING SUPPLEMENTAL BRIEFING

This matter comes before the Court as the result of a telephonic status conference held on November 17, 2017. Present at the hearing were Mark Dow and Deborah Stambaugh, counsel for Plaintiff, and Erin Langenwalter, counsel for Defendants.

The Tenth Circuit Court of Appeals entered an opinion on September 11, 2017, deciding among other things, that the Court has subject matter jurisdiction over the Rehabilitation Act failure to accommodate claim and that Plaintiff has stated a Rehabilitation Act failure to accommodate claim. *Sanchez v. United States Dept. of Energy*, 870 F.3d 1185 (10th Cir. 2017). As a result of the Tenth Circuit's rulings, the failure to accommodate claim is the sole remaining claim in this case. The Tenth Circuit issued its Mandate on November 3, 2017. (Doc. 118).

Still before the Court are two cross-motions for summary judgment which address the failure to accommodate claim in the summary judgment context: (1) Motion For Partial Summary Judgment on Plaintiff's Rehabilitation Act Claim for Failure to Accommodate and Memorandum in Support Thereof (Doc. 88); and (2) Defendants' Motion for Summary Judgment and Memorandum Brief in Support (Doc. 89). In light of the Tenth Circuit decision

and in the interest of fairness, the Court will allow supplemental briefing with respect to the motions for summary judgment.

The Tenth Circuit specifically determined in its discussion of whether Plaintiff stated a failure to accommodate claim that certain allegations, if taken as true, show that Plaintiff was "otherwise qualified." *Sanchez*, 870 F.3d at 1200. The parties will be allowed to demonstrate whether those allegations are, indeed, true and the extent to which there are any questions of material fact related to the allegations. The parties may also provide corresponding legal argument on the issue of whether Plaintiff was "otherwise qualified."

IT IS ORDERED that

1. Defendants may file a supplemental brief, as described above, no later than December 6, 2017;

2. Plaintiff may file a response no later than December 20, 2017; and

3. Defendants may file a reply no later than January 5, 2018.

_____
UNITED STATES DISTRICT JUDGE